United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. |
| **DARRELL GRAHAM,** | ) | 12-10266-NMG |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Darrell Graham is charged with two counts of sex trafficking by force under 18 U.S.C. § 1591 and three counts of transporting a person to engage in prostitution under 18 U.S.C. § 2421.  Pending before the Court is defendant's motion to suppress as evidence recorded telephone calls that he made while detained prior to his trial.  In light of clear and applicable precedent, the Court will deny defendant's motion.

**I.  Background**

Following his initial appearance and detention hearing in September 2012, defendant was ordered detained at the Massachusetts Correctional Institution located in Walpole, Massachusetts ("MCI-Cedar Junction") pending trial.  While he was so detained, defendant made telephone calls on the prison telephone that were recorded.  Upon written request to the Massachusetts Department of Correction ("DOC"), the government

-1-

obtained copies of defendant's recorded telephone calls, telephone number log and visitor log. It did not obtain those records pursuant to a subpoena or by otherwise obtaining prior court approval but intends to introduce "at least some" of the recordings at trial.

The DOC promulgated regulations concerning inmate telephone access to "provide for the orderly and safe use of telephones by inmates." 103 Mass. Code Regs. 402.06(1). DOC regulations permit recording of all telephone calls that are not privileged and further provide that an inmate's consent to be recorded is accomplished by his acceptance of a personal identification number ("PIN") and use of a telephone. See 103 Mass. Code Regs. 482.06(3)(d); id. 482.09(1).

To place a call from MCI-Cedar Junction, an inmate must complete a "Telephone System Number Request Form," which states

> Your acceptance of a PIN and use of inmate telephones shall be deemed as consent to the conditions and restrictions placed upon inmate telephone calls, including call monitoring, recording, and call detail.

Whenever an inmate makes a telephone call, an automated message warns that "this call may be recorded or monitored" at the beginning of the phone call and approximately 10 minutes into the call. DOC staff may download telephone recordings in connection with DOC investigations or "relative to any request

received by any other law enforcement agency." 103 Mass. Code Regs. 482.10.

## II. Legal Analysis

Defendant now moves to suppress all of his recorded telephone calls and any evidence derived from those recordings on the grounds that the government, by obtaining the recorded phone calls through a request but without a warrant, violated defendant's Fourth Amendment right to be free from unreasonable searches, his Fifth Amendment right to due process of law and his Fifth Amendment right to equal protection under the law.

### A. Fourth Amendment

Defendant argues that the telephone recordings made by MCI-Cedar Junction should be suppressed not because the searches themselves were defective but because the dissemination of the recordings violated the Fourth Amendment.  He acknowledges that he "cannot be said to have expected privacy in those calls" yet maintains that he reasonably expected the recordings to remain only in the hands of officials at MCI-Cedar Junction.  Defendant also asserts that, as a pretrial detainee, he retained

> a residual privacy interest in his recorded telephone calls that they not be disclosed to the prosecution absent a specific security or evidentiary reason for disclosure.

The government opposes defendant's motion on the grounds that defendant consented to the recording of his phone calls,

rendering illegitimate any expectation as to their continued privacy.

> The Fourth Amendment protects
>
> the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

U.S. Const. amend. IV.  A warrantless search is unreasonable if it does not fall into "a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967).  Unreasonable searches come in many guises, but consent to a search, if freely and voluntarily given, eliminates any potential Fourth Amendment defect. Schneckloth v. Bustamante, 412 U.S. 218, 219 (1971).  Telephone conversations "can be monitored and recorded without violating the Fourth Amendment so long as one participant in the call consents to the monitoring." United States v. Novak, 531 F.3d 99, 102-03 (1st Cir. 2008) (citing United States v. White, 401 U.S. 745, 752 (1971)).

Once information is obtained through a consensual search, a criminal defendant "necessarily risks" that the trustworthiness of the recipient will not be as he imagined, namely that the recipient will disclose the information to law enforcement. White, 401 U.S. at 751; see also United States v. Miller, 720 F.2d 227, 228 (1st Cir. 1983).

Defendant consented to the recording of his phone calls by officials at MCI-Cedar Junction and therefore cannot claim that

-4-

any reasonable expectation of privacy was violated through dissemination of the recordings. He does not challenge the validity of his consent which was freely and unambiguously given. Accordingly, defendant "necessarily risk[ed]" subsequent disclosures by those to whom he had given consent to record his phone calls. White, 401 U.S. at 751. The Fourth Amendment does not protect against such disclosures. Id.

Defendant argues that his expectation of privacy in his cell as a pretrial detainee prevented the DOC from providing his telephone recordings to the prosecution. That argument is unavailing because it ignores the legal effect of his consent. Indeed, defendant's invocation of United States v. Cohen, 796 F.2d 20 (2d Cir. 1986), is inapposite precisely because his expectation of privacy, legitimate or not, is not at issue. Cohen prohibits "investigatory search[es] ordered by the prosecutor" because they violate an inmate's legitimate expectation of privacy but Cohen also noted that a search initiated by a prison official "would not be subject to constitutional challenge." Id. at 24. Therefore, because the search of defendant's phone calls was initiated and executed by officials at MCI-Cedar Junction, and not by prosecutors, Cohen's persuasive authority is inapplicable. Accordingly, this Court finds that the government's consensual acquisition of telephone

recordings containing defendant's statements did not violate the Fourth Amendment.

**B.    Fifth Amendment Right to Due Process**

Defendant argues that MCI-Cedar Junction's voluntary production of the telephone recordings violated his Fifth Amendment right to due process of law.  He asserts that the government should have used a Fed. R. Crim. P. 17(c) subpoena to acquire the phone recordings but instead acquired them "without obtaining prior judicial approval or otherwise procuring them by any lawful authority."

Defendant's Fifth Amendment arguments lack any legal basis. A Rule 17(c) subpoena was unnecessary in this case because the DOC voluntarily turned over the telephone recordings to the prosecution.  See United States v. Conley, 531 F.3d 56, 59-60 (1st Cir. 2008) (affirming denial of suppression motion where an inmate consented to the recording of his phone calls which were subsequently provided voluntarily to law enforcement investigators).  Moreover, the Federal Wiretap Act allows law enforcement officers to share validly intercepted communications with fellow officers

> to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

18 U.S.C. § 2517.

Correctional officers are considered law enforcement officers and recording inmate telephone calls in this situation falls squarely within the official duties of such officers. United States v. Lewis, 406 F.3d 11, 18 (1st Cir. 2005). In addition, such disclosures are explicitly contemplated under the Massachusetts regulations governing inmate phone access. See 103 Mass. Code Regs. 482.10 (discussing regulations for "any request received by any other law enforcement agency").

### C.    Fifth Amendment Right to Equal Protection

Finally, defendant argues that his right to equal protection of the laws is violated because the government has "unrestricted access" to telephone recordings of pre-trial detainees whereas the government would need a warrant to access similar information of those not detained pretrial.

Defendant's equal protection argument is without merit. The equal protection safeguards of the Fourteenth Amendment, as incorporated in the Fifth Amendment, "mean[] that 'similarly situated persons are to receive substantially similar treatment from their government." Kuperman v. Wrenn, 645 F.3d 69, 77 (1st Cir. 2011)(citing Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004)). Despite defendant's protestations to the contrary,

> [i]t is not enough to use boiler plate language merely asserting that plaintiff is "similarly situated in all respects."

Berrios-Romero v. Estado Libre Asociado de Puerto Rico, 641 F.3d 24, 27-28 (1st Cir. 2011) (citing Barrington Cove Ltd. P'ship v. R.I. Hous. & Mtg. Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001)). The relevant determinative factor in this case is not that defendant was detained pretrial but that he consented to the recording of his phone calls.  Non-privileged telephone recordings obtained consensually by the government would be admissible irrespective of the accused's detention status. See Conley, 531 F.3d at 58-60; Novak, 531 F.3d at 101-03. Therefore, this Court finds no equal protection violation in the government's actions.

## ORDER

In accordance with the foregoing, defendant's motion to suppress (Docket No. 53) is **DENIED.**

**So ordered.**

                                      /s/ Nathaniel M. Gorton_____
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated October 8, 2013