United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 12-10266-NMG |
| **Darrell Graham,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Darrell Graham ("defendant" or "Graham") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I. Background

In September, 2012, a grand jury returned a five-count indictment charging Graham with two counts of Sex Trafficking by Force, Fraud or Coercion in violation of 18 U.S.C. § 1951 (Counts I and II) and three counts of Transporting a Person to Engage in Prostitution in violation of 18 U.S.C. § 2421 (Counts III, IV and V). In April, 2014, defendant pled guilty to Counts III, IV and V of the indictment. This Court sentenced him in September of that year to 150 months in prison and five years of supervised release. Graham is currently incarcerated at the

-1-

Federal Correctional Institution in Bennettsville, South Carolina ("FCI Bennettsville") and his projected release date is July 21, 2023.

Graham moves to modify his sentence to time served with an additional period of home confinement as a condition of supervised release. He contends that he suffers from medical conditions that make him especially vulnerable to contracting a severe case of COVID-19, namely rheumatoid arthritis, pre-diabetes, hyperlipidemia and being overweight. He also claims that risk is exacerbated by his status as a 58-year-old African American man and submits that the balance of factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release. The government disagrees and urges this Court to deny defendant's motion.

II. **Motion for Compassionate Release**

    **A. Legal Standard**

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made

pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A). Even if all other requirements are satisfied, a court should only grant a motion for release if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Graham is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because has not demonstrated that there are "extraordinary and compelling reasons" that would justify a reduction in his sentence. Despite claiming that several medical conditions together justify his release, Graham does not suffer from any condition that the CDC considers to be a definite risk factor for severe infection from COVID-19. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 12, 2021) (failing to list rheumatoid arthritis, pre-diabetes, hyperlipidemia or being overweight as conditions definitively causing increased risk). Accordingly, this Court

concludes that defendant does not have a heightened risk of severe illness from COVID-19 based upon his health conditions.

Graham expresses concern that the conditions at FCI Bennettsville exacerbate the risk posed by his health conditions, but the facility has no confirmed active cases of COVID-19 and 120 staff members and 596 inmates have been fully inoculated with a vaccine. See COVID-19 Coronavirus, BOP, https://www.bop.gov/coronavirus/ (last visited Apr. 12, 2021). Consequently, there is no indication that FCI Bennettsville currently poses an unacceptable threat to prisoner safety and the facility's conditions do not support releasing defendant from custody. See United States v. Rosado, No. 05-40011-FDS, 2020 U.S. Dist. LEXIS 174600, at *6-7 (D. Mass. Sept. 23, 2020) (no extraordinary and compelling reason for release from FCI Bennettsville when four inmates and 14 staff members were infected with COVID-19).

Most importantly, a modification of Graham's sentence would be inconsistent with the § 3553(a) factors.  Graham has more than three years left of his prison sentence for exploiting a 19-year-old girl to induce her into prostitution for his own financial benefit.  The violence inherent in sex trafficking and Graham's substantial criminal history indicate that he continues to pose a danger to the public. See United States v. Young, No.

-4-

15-cr-10144-ADB, 2021 U.S. Dist. LEXIS 43100, at *7-8 (concluding that a defendant with a substantial criminal history and convicted of sex trafficking poses a danger to the community).  The seriousness of the offense and the need for just punishment and respect for the law weigh heavily against his release. See § 3553(a)(2); United States v. Calhoun, 15-cr-00056, 2020 U.S. Dist. LEXIS 117527, at *11-16 (D. Me. July 1, 2020) (denying compassionate release to defendant who trafficked young girl even though defendant had a heightened risk of severe illness from COVID-19).

## ORDER

Accordingly, defendant's motion for compassionate release (Docket No. 221) and his prior pro se motion for compassionate release (Docket No. 209) are **DENIED** without prejudice.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated April 13, 2021